## GREATON a. MORGAN.

*Supreme Court, First District: General Term, December*, 1858.

### ATTACHMENT.—NON-RESIDENT.

The defendant had a place of business in New York city, but boarded in Newark, N. J., where he carried on business, and had repeatedly stated that to be his residence, and was seldom if ever at the ostensible place of business in New York.

*Held*, that he was a non-resident.

The cases of Hurlbut *a.* Seeley (11 *How. Pr. R.*, 507), and Towner *a.* Church (2 *Ante*, 299), are not to be extended.

Appeal from an order denying a motion to vacate an attachment.

In this action the plaintiff attached property of the defendants on the ground that they were non-residents. The defendant moved to vacate the attachment on an affidavit alleging that he had an office in the city of New York, and considered that as his place of residence, although he boarded in Newark, N. J., and carried on a factory there. His affidavit also charged that the plaintiff fraudulently induced him to bring the goods which were attached into the State, in order that he might attach them. This charge was fully denied by the plaintiff's affidavit.

The motion was denied at special term, the justice holding that the weight of evidence was in favor of the position that the defendant was a non-resident, and that there was no fraud in the use of the process. The defendant now appealed.

*Wm. E. Robinson*, for the appellants.

*Albert Mathews*, for the respondents.

BY THE COURT.*—INGRAHAM, J.—We think the affidavits used on this motion present such contradictory statements in regard

* Present, DAVIES, P. J., and INGRAHAM and CLERKE, JJ.

to the matter at issue between the parties, as to call for the application of the rule, that upon questions of fact where the affidavits are conflicting, the court on appeal will not interfere with the findings of the justice.

Upon the question of residence, Mr. Justice Roosevelt found against the defendant, and his decision can well be sustained, notwithstanding the cases of Hurlbut *a.* Seeley (11 *How. Pr. R.*, 507 ; Towner *a.* Church, 2 *Abbotts' Pr. R.*, 299). As these cases were by the general term, we should feel bound by them to the extent they go, but are not disposed to extend those decisions.

In the first case the defendant left his family behind, and avowed at all times his intention to return as soon as he had opened a store in a western town, and was actually returning to the State when the attachment was issued. In the second case, it was held that a man who boarded in New York six days in the week, and did business here, and spent Sunday with his family in Connecticut, was a resident here. Without expressing any opinion as to the consistency of these decisions with the provisions of the statute, it is enough to say that the present case is covered by neither of them. The defendant was in Newark carrying on his business, had repeatedly declared that he resided there ; he had no family or home in New York, and was seldom if ever at the ostensible place of business in New York. The cases cited are entirely distinct in their characteristics from the one now before the court.

Upon the second ground of the motion, viz., that the plaintiff had fraudulently induced the defendant to bring the goods within the jurisdiction of the court, it is enough to say that the affidavit of the plaintiff directly contradicts the affidavit of the defendant on that point.

The order appealed from should be affirmed.